## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

KAITLIN SCHMIDT,

        *Plaintiff*,

v.

        Case No.:   0:19-cv-61618

ADVANCED RECOVERY SYSTEMS, LLC

        *Defendant*.

_____/

Plaintiff Kaitlin Schmidt, by her counsel, The Harman Firm, LLP, alleges for her Complaint against Defendant Advanced Recovery Systems, LLC ("ARS") as follows:

### PRELIMINARY STATEMENT

1.    In October 2017, Ms. Schmidt applied for a Nurse Practitioner position with a facility called The Recovery Village, in Umatilla, Florida. An internal recruiter for ARS, Michael Vernon, reached out to Ms. Schmidt to offer her employment with The Recovery Village. From October to December, Ms. Schmidt and Mr. Vernon exchanged phone calls and messages regarding updates with her onboarding process for the position. In November, however, Mr. Vernon began to ask Ms. Schmidt inappropriate, sexually charged questions, called her on two occasions and asked her to send him pictures of herself. On December 14, Mr. Vernon left Ms. Schmidt a sexually harassing voicemail, in which he directed her to call him back any time, and told Ms. Schmidt that he was currently in bed. Mr. Vernon also suggested that he and Ms. Schmidt grab drinks once she was in town, explaining that he had a new patio he wanted her to see. Ms. Schmidt told Mr. Vernon that his behavior was unprofessional and inappropriate, and expressed her discomfort, which Mr. Vernon ignored. On December 16, Ms.

Schmidt asked Jackie Ayers, Human Resources Director, to file a good-faith formal complaint against Mr. Vernon.  On December 19, Ms. Schmidt spoke in depth about the sexual harassment she experienced from Mr. Vernon, and Wendy Mahle, Vice President of Human Resources, assured her that Mr. Vernon would be spoken with regarding the matter.  Nonetheless, on December 21, The Recovery Village rescinded her offer of employment.

2. Plaintiff Schmidt seeks damages and costs against Defendant ARS for retaliating against her complaints of sex-based harassment by rescinding her offer of employment, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*., and Florida Civil Rights Act  ("FCRA"), FL Stat. Sec. 760.01 *et seq.*

## JURISDICTION, VENUE, AND ADMINISTRATIVE PREREQUISITES

3. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's claims arising under Title VII.

4. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's FCRA claims, as these claims are so related to the claims within such original jurisdiction that they form part of the same case or controversy.

5. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over Plaintiff's claims, as the matter in controversy exceeds $75,000 and is between citizens of different states:

   a. Plaintiff is a citizen of the State of Connecticut, as she is domiciled in the State of Connecticut.

   b. Upon information and belief, Defendant is a citizen of the State of Florida, as it is a corporation organized under the laws of the State of Florida, and a citizen of the State of Florida, as its headquarters are located in the State of Florida.

6.     Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of Florida, as a substantial part of the events giving rise to these claims occurred within this District.

7.     All conditions precedent to maintaining this action have been fulfilled.  A charge of discrimination was filed with the Equal Employment Opportunity Commission (EEOC).  The EEOC issued a Right-to-Sue letter dated April 2, 2019, relating to the discriminatory acts described in this Complaint.  This action was properly instituted within 90 days of the issuance of the Right-to-Sue letter.

## TRIAL BY JURY

8.     Plaintiff respectfully requests a trial before a jury.

## PARTIES

9.     Plaintiff, at all times relevant hereto, was and is a resident of Hartford County in the State of Connecticut.

10.    Upon information and belief, at all times relevant hereto, Defendant was and is a foreign limited liability company organized under the laws of the State of Florida with its principal place of business at 100 SE 3rd Avenue, Suite 1800, Fort Lauderdale, Florida 33394.

## STATEMENT OF FACTS

11.    At the beginning of October 2017, Ms. Schmidt applied for a position as Nurse Practitioner with The Recovery Village in Umatilla, Florida.

12.    On October 9, Michael Vernon, an internal recruiter for Advanced Recovery Systems, contacted Ms. Schmidt regarding the position.

13. Mr. Vernon informed Ms. Schmidt that he wanted to schedule an interview for her to meet with Jason Fields, M.D., and Jeff Weinheimer, M.D., Medical Director of The Recovery Village.

14. On October 12, Ms. Schmidt attended a phone interview with Dr. Fields and Dr. Weinheimer.

15. Shortly thereafter, Mr. Vernon informed Ms. Schmidt that she was scheduled to attend an in-person interview in Umatilla, Florida.

16. From November 10 to November 12, Ms. Schmidt attended interviews with Dr. Weinheimer and Dr. Fields.

17. On November 17, Mr. Vernon emailed Ms. Schmidt informing her that Therapy Employee Associated Management, LLC ("TEAM") offered her employment at The Recovery Village, and attached her offer letter.

18. On November 29, Mr. Vernon sent Ms. Schmidt a revised offer letter.

19. According to the offer letter, Ms. Schmidt was to begin working for The Recovery Village on January 15, 2018, contingent upon successful screening of a background check.

20. On December 7, Ms. Schmidt accepted the offer of employment and began the onboarding process, which included drug screening, new hire paperwork, providing photo ID and other Florida-specific forms, certification, and a background screening.

21. During this time, Ms. Schmidt contacted Mr. Vernon for updates on her onboarding process.

22. Shortly thereafter, Mr. Vernon began to ask Ms. Schmidt inappropriate, sexually charged questions.

23. Mr. Vernon called Ms. Smith on two separate occasions and asked for pictures.

24. On December 14, Mr. Vernon called Ms. Schmidt to discuss her onboarding process and left her a voicemail.

25. During this voicemail, however, Mr. Vernon sexually harassed Ms. Schmidt, stating, "When you get down here, we should have drinks. I just got patio furniture," and telling Ms. Schmidt, "I'm sitting in my bed," and to send him a picture.

26. In response, Ms. Schmidt told Mr. Vernon that his behavior was inappropriate and unprofessional, and she would feel more comfortable talking to another recruiter regarding her employment with The Recovery Village.

27. Mr. Vernon did not address Ms. Schmidt's complaint, and instead, directed Ms. Schmidt to work on her onboarding process directly with Jackie Ayers, Human Resources Director, Heather Fordyce, Human Resources Specialist, and Anne Smith, Physician Services Coordinator.

28. On December 16, Ms. Schmidt contacted Ms. Ayers, asking to file a good-faith formal complaint about the sexual harassment by Mr. Vernon.

29. Ms. Ayers gave Ms. Schmidt the contact information of Wendy Mahle, Vice President of Human Resources.

30. On December 19, Ms. Mahle agreed with Ms. Schmidt via phone call that Mr. Vernon's conduct was inappropriate and told Ms. Schmidt that she would speak to him regarding the matter.

31. Nonetheless, on December 21, three days after explaining the sexual harassment complaint to Ms. Mahle, Ms. Mahle sent Ms. Schmidt an email rescinding her offer of employment with The Recovery Village.

32. Ms. Mahle said that Ms. Schmidt had not taken any further action to move forward to start working.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
### Retaliation in Violation of Title VII

33. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 29 with the same force as though separately alleged herein.

34. Title VII prohibits an employer from retaliating against an employee for engaging in protected activity under Title VII.

35. Plaintiff engaged in protected activity under Title VII when she properly complained to Defendant about sex discrimination unlawful under Title VII.

36. Defendant retaliated against Plaintiff by rescinding her offer of employment.

37. As such, Defendant has violated Title VII.

38. As a direct and proximate consequence of Defendant's retaliation, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, economic loss, emotional distress, and compensatory damages, all in amounts to be determined at trial.

39. Defendant's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

### SECOND CAUSE OF ACTION
### Retaliation in Violation of FRCA

40. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 35 with the same force as though separately alleged herein.

41. Pursuant to the FRCA, it is unlawful for an employer to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such sex.

42. Defendant retaliated against Plaintiff by refusing to hire her after she complained about sex-based discrimination.

43. As such, Defendant has violated the FRCA.

44. As a direct and proximate consequence of Defendant's retaliation, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, economic loss and emotional distress and suffering, all in amounts to be determined at trial.

45. Defendant's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the First cause of action, compensatory damages, punitive damages, attorneys' fees, and any other damages to be determined at trial;

B. For the Second cause of action, compensatory damages, punitive damages, attorneys' fees, and any other damages to be determined at trial; and

C. For such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 27, 2019                                         Respectfully submitted,


By:   /s Edgar M. Rivera
      EDGAR M. RIVERA
      Florid Bar No.: 1008127
      erivera@theharmanfirm.com
      ALBERTO NARANJO
      Florida Bar No.: 92923
      an@anlawfirm.com

      **THE HARMAN FIRM, LLP**
      381 Park Avenue South, Suite 1220
      New York, New York 10016
      Telephone No.: (212) 425-2600
      Facsimile No.: (212) 202.3926

      *Attorneys for Plaintiff*